## RYMAN v. KENNEDY.

*It was error to dismiss the petition on demurrer.*

DECEMBER 9, 1913.

Equitable petition. Before Judge George. Ben Hill superior court. December 21, 1912.

E. W. Ryman was a practicing lawyer residing in Fitzgerald, Georgia, at the time of his death. He left a will, by the fifth item of which he bequeathed to his wife, Lula B. Ryman, several specified properties, and also his "law business." By the sixth item the testator bequeathed to his daughter, Lula M. Ryman, all of his "office furniture, fixtures and furnishings, including typewriter" now in his office; also $3,000 to be paid out of his life insurance, to include such part of his insurance as may be payable directly to her. The ninth and tenth items directed that the money bequeathed to the daughter, Lula M. Ryman, be held by the executor and loaned on real-estate security, at a designated rate of interest, for a period of from five to ten years in the discretion of the executor, and that the interest only should be paid to the daughter so long as the money should be loaned. Shortly after the death of the testator, and several months after the daughter attained majority, the widow proposed to sell to the daughter the "law business" except the fees earned by the testator before his death, and which were then due to his estate. A written contract was entered into between them, whereby the widow agreed to sell to the daughter the "law business" of the testator, "consisting of—first, various claims placed in the hands of said E. W. Ryman for collection and now in the law office formerly occupied by said E. W. Ryman; second, the various causes now pending in the courts of this State in which the said E. W. Ryman was representing as attorney one or the other parties so represented by said E. W. Ryman, who have not, since his death, employed another attorney or attorneys to represent them in such causes; third, the good will of such business. It is expressly understood and agreed that this conveyance carries with it all of the present interest of the party of the first part in said business as beneficiary under said will; but does not embrace or include any fees which have been earned, but not collected, by the said E. W. Ryman prior to his death, nor any choses in action of any kind held by or belonging to said E. W. Ryman in connection with his said business at the time of his death, nor any claim

or pending cause wherein the party of the first part has already made arrangements with another attorney or attorneys to handle the same. It is further expressly understood and agreed that this conveyance is made subject to the consent and approval of the various clients of the said E. W. Ryman whose interests were represented by him as attorney in the various matters and things embraced in this conveyance." The consideration named in the contract was $2,500, to be evidenced by the promissory note of the daughter, payable five years from the date of the contract, with interest at the rate of eight per cent. per annum, to be paid annually. The contract also contained a recital that the executor was requested to pay over to the widow so much of the $3,000 bequeathed to the daughter in the will of the testator as may be necessary to pay off the note. In addition to the contract, the daughter also executed her note conformably to the terms of the contract; the transaction occurring on or about March 4, 1908. The will appointed Lula B. Ryman as executrix and L. Kennedy as executor. The power of investment of the cash legacy to Lula M. Ryman was conferred exclusively upon L. Kennedy. In 1911 Lula M. Ryman instituted an action against L. Kennedy and Lula B. Ryman individually and as executors, seeking to cancel the contract, as well as the note given in pursuance thereof; to enjoin the payment or transfer of the note; and to recover all sums that may have been paid over to Lula B. Ryman on the strength of the contract. One ground relied on for the relief sought was that the thing the widow attempted to sell was not a subject-matter of sale, and that the note and obligations imposed upon Lula M. Ryman by the terms of the contract were without consideration.

*Haygood & Cutts, McDonald & Grantham,* and *Dean E. Ryman,* for plaintiff. *L. Kennedy* and *Hal Lawson,* for defendant.

ATKINSON, J. (After stating the facts.) Fees earned but not collected by the testator prior to his death, and all choses in action belonging to the testator in connection with his law business at the time of his death, and pending claims which the party of the first part had made arrangements with other attorneys to handle, were expressly excluded from the sale, and nothing was left upon which the contract could operate. The professional skill of the testator, as a lawyer, entered into the contract of employment by his clients, and the possibility that after his death his clients would

consent to the selection of other counsel by the executors or others is too remote a contingency to render the "good will" of the testator a subject-matter of sale. Civil Code, §§ 4117, 4953. . The "law business," by the reservation contained in the contract, was stripped of its substance, and there was no consideration whatever to support the contract. It was error to dismiss the petition on demurrer.        *Judgment reversed. All the Justices concur.*